IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:09CR434

KENDRICK HESTER,

    Petitioner.

## MEMORANDUM OPINION

Kendrick Hester, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 86.) The Government filed its response. Hester has replied. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

Pursuant to the Plea Agreement, Hester pled guilty to bank fraud and aggravated identity theft. (Plea Agreement (Docket No. 44) ¶ 1.) The Court sentenced Hester to forty-eight months of imprisonment. (Judgment (Docket No. 62) 2.) Hester appealed to the United States Court of Appeals for the Fourth Circuit. On November 8, 2010, the Fourth Circuit dismissed Hester's appeal. United States v. Hester, No. 10-4913, at 1 (4th Cir. Nov. 8, 2010). Hester then filed the § 2255 Motion making the following claims:

    Claim One    Counsel deficiently failed to challenge the two criminal history points

|  | assessed for committing the instant offense while on probation or parole from another offense.[1] |
|---|---|
| Claim Two | Counsel failed to challenge the assessment of one criminal history point for Hester's 2007 reckless driving conviction. |
| Claim Three | Counsel's "misleading instructions caused [Hester] to accept a plea [agreement] in which [Hester] accepted responsibility as the mastermind of the crime." (§ 2255 Mot. 17.)[2] |

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] Hester did not properly number the pages of his submissions. (Docket Nos. 86, 96, 97.) Accordingly, citations to these document will refer to the page numbers assigned by the Court's CM/ECF system. Additionally, where appropriate, the Court has corrected capitalization in quotations to Hester's submissions.

2

Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

### A. Claim One

In Claim One, Hester alleges that counsel deficiently failed to challenge the two criminal history points assessed on his Pre-sentence Report ("PSR") for committing the instant offense while on probation or parole. Hester apparently believes that the PSR assessed the two points because the probation officer incorrectly believed that Hester was on probation or parole for an assault conviction at the time a state court convicted Hester of petty larceny. (§ 2255 Mot. 14.) However, the PSR assessed these criminal history points to Hester because he committed the bank fraud and aggravated identity theft while under a three-year suspended sentence stemming from a March 16, 2004 conviction for attempted petty larceny.

3

The United States Sentencing Commission Guidelines Manual ("USSG" or "Guidelines") requires the assessment of two criminal history points "if the defendant committed the instant offense while under <u>any criminal justice sentence</u> . . . ." USSG § 4A1.1(d) (2010) (emphasis added). A suspended sentence constitutes a "criminal justice sentence" for the purposes of section 4A1.1(d) of the Guidelines. <u>United States v. Sotelo</u>, 177 F. App'x 366, 367-68 (4th Cir. 2006).

On March 16, 2004, the General District Court for the County of Chesterfield, Virginia convicted Hester of attempted petit larceny and sentenced him to twelve months of imprisonment with nine months suspended for three years on the condition of good behavior. (PSR ¶ 32.) Thus, Hester was under a criminal justice sentence until March 16, 2007. Hester admitted that his the criminal conduct leading to his convictions for bank fraud and aggravated identity theft began in October of 2006.[3] (Statement of Facts (Docket No. 45) ¶ 1.) Accordingly, the PSR

---

[3] Hester now claims that his criminal conduct did not begin until 2009. (Supplemental Mem. Supp. § 2255 Mot. 1.) Nevertheless, as explained <u>infra</u> Part II(C), because this allegation is directly contradictory to statements Hester made during his Rule 11 colloquy and no extraordinary circumstances exist to cast doubt on Hester's Rule 11 statements, Hester's current assertion is "palpably incredible and patently frivolous or false." <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted).

properly assessed two-points to Hester's criminal history pursuant to section 4A1.1(d) of the Guidelines.

Hester cannot demonstrate deficiency or prejudice due to counsel's failure to make a frivolous objection. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005). Because Hester can demonstrate neither deficiency nor prejudice, Claim One will be dismissed.

### B. Claim Two

In Claim Two, Hester asserts that counsel "failed to inform the probation officer and/or disclose to the court that [Hester] had been assigned an additional [criminal history] point for a reckless driving conviction." (§ 2255 Mot. 14.) Hester argues that this additional criminal history point was wrongly assessed because he was not "sentenced to 60 days or more of jailtime [nor did he] receive[ ] a year or more of probation." (Id.) However, contrary to Hester's assertion, Hester did not receive any criminal history points based on his reckless driving conviction. (See PSR Worksheet C 1.) Thus, this claim lacks factual merit and Hester cannot demonstrate deficiency or prejudice. Accordingly, Claim Two will be dismissed.

### C. Claim Three

In Claim Three, Hester asserts that counsel's "misleading instructions caused [Hester] to accept a plea [agreement] in

5

which [Hester] accepted responsibility as the mastermind of the crime." (§ 2255 Mot. 17.) Hester states that he "was never briefed about the state's assertions as to [his] role in the crime." (Id. at 22.) "I have always maintained that I was not the mastermind." (Id.)[4]

This Court recognizes that the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." Lemaster, 403 F.3d at 221 (internal citations and quotations omitted). Accordingly, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an

---

[4] The Court notes that the Statement of Facts contains no language characterizing Hester as a leader, or mastermind, in the conspiracy. Furthermore, the PSR did not increase Hester's offense level based on his role in the offense. (See PSR Worksheet A.) Indeed, Hester received no increases to his base offense level at all. (Id.)

evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Here, during his Rule 11 plea colloquy, Hester swore that he understood the Plea Agreement (May 10, 2010 Tr. 9-13), that he discussed the sentencing guidelines with counsel (Id. at 6), that the Statement of Facts was true (Id. at 19), and that he pled guilty because he was indeed guilty (Id. at 9). No circumstances exist here that would lead the Court to consider Hester's prior sworn statements anything but conclusively established. See Lemaster, 403 F.3d at 221. Accordingly, because Claim Three relies on allegations directly contradicted by Hester's statements during the Rule 11 plea colloquy, Claim Three will be dismissed.

### III. OUTSTANDING MOTIONS

#### A. Motion For Addendum

On March 6, 2012, Hester submitted a "Motion for Addendum to a 28 U.S.C. 2255" ("Motion for Addendum"). (Docket No. 96.) The Court deems this submission to be a motion to amend. In this motion, Hester seeks permission to add the following claims:

> Claim Four    Counsel deficiently failed to inform the Court that a letter written to the Court from Hester's grandmother was, in

7

|  | actuality, written by Hester's co-defendant. This information would have proved that Hester was not the "mastermind" of the fraud scheme. (Mot. Addendum 3.) |
|---|---|
| Claim Five | Counsel deficiently promised Hester that, if he pled guilty, he would receive a "[USSG §] 5K1.1 or a [Federal Rule of Criminal Procedure] 35(b) motion from the prosecutor." (Id. at 4.) |
| Claim Six | Counsel threatened Hester into signing the Plea Agreement. |

A motion to amend is appropriately denied where the amendments would be futile. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). That is the case here. Claims Five and Six contain allegations directly contrary to Hester's Rule 11 statements.[5] (See supra Part II(C); May 10, 2010 Tr. 13:19-22.) Because no extraordinary circumstances exist here, these claims are thus "palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Regarding Claim Four, Hester cannot show deficiency where counsel failed to challenge a sentencing enhancement not applied to Hester in the PSR. (See supra Part II(C) n.4); United States v. Woodhouse, No. 95-7140, 1996 WL 278751, at *2 (4th Cir. May

---

[5] During the Rule 11 plea colloquy, Hester swore that no threats or promises (outside of the Plea Agreement) induced his guilty plea. (May 10, 2010 Tr. 13.)

28, 1996) (rejecting petitioner's claim of ineffective assistance based on counsel's failure to challenge a statutory sentencing enhancement never applied to petitioner). Accordingly, because Hester's Motion for Addendum would be futile, the motion (Docket No. 96) will be denied.

**B. Motion For Status Hearing**

Hester also requests a "status hearing with regards to [this] case . . . ." (Mot. Hr'g. (Docket No. 97) 1.) Because the Court is denying Hester's § 2255 Motion, the Motion for Status Hearing (Docket No. 97) will be denied as moot.

### IV. CONCLUSION

For the foregoing reasons Hester's Motion for Addendum and Motion for Status Hearing (Docket Nos. 96, 97) will be denied. Hester's claims will be dismissed and Hester's § 2255 Motion (Docket No. 86) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Hester fails to satisfy this requirement. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hester and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 17, 2012
Richmond, Virginia